NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
Suite 1000
52 Berlin Road
Cherry Hill, New Jersey 08034
856.429.4100
patentsnj@yahoo.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ECR4KIDS, L.P., | : | |
| | : | CIVIL ACTION NO. 23- |
| Plaintiff, | : | |
| v. | : | |
| | : | COMPLAINT |
| DBEST PRODUCTS, INC., | : | |
| | : | |
| Defendant. | : | |

Plaintiff, ECR4Kids, L.P., for its complaint against Defendant, alleges and avers as follows:

THE PARTIES AND JURISDICTION

1.      Plaintiff, ECR4Kids, L.P., (hereinafter "ECR") is a California limited partnership having a place of business at 2165 Central Square Road, Logan Township, New Jersey 08085.

2.      On information and belief, Defendant, dbest products, Inc. (hereinafter "dbest") is a California corporation having its principal place of business at 7825 SW Somerset Boulevard, Suite D, Paramount, California 90723.

3. These actions are for declarations of noninfringement, invalidity and unenforceability of a patent and for intentional interference with business relations. Jurisdiction of Count I is proper under 28 U.S.C. §1338(a) in that the cause of action arises under the Patent Laws of the United States. The court is authorized to hear this matter under the Federal Declaratory Judgments Act, 28 U.S.C. §§2201 and 2202. Jurisdiction over Count II is proper under 28 U.S.C. §1367. Venue is proper is this judicial district pursuant to 28 U.S.C. §1391.

**COUNT I**
**U.S. PATENT NO. 11,338,835 - DECLARATION OF**
**NONINFRINGEMENT, INVALIDITY AND UNENFORCEABILITY**

4. Defendant alleges to be the owner of U.S. Patent No. 11,338,835 entitled "High Load Capacity Collapsible Carts" (hereinafter "the '835 Patent") which issued on May 24, 2022.

5. Plaintiff offers a cart for sale.

6. Defendant has charged Plaintiff with infringement of the '835 Patent.

7. Plaintiff denies that it has violated any rights of Defendant by the sale or offering for sale of its cart.

8. Plaintiff's cart does not infringe any of the claims of the '835 Patent.

9. The '835 Patent is invalid for failure to comply with the Patent Laws including, inter alia, 35 U.S.C. §§102, 103 and 112.

10. The Patent is unenforceable for misuse in that Defendant has asserted its Patent against Plaintiff and others knowing that the Patent has not been infringed.

11. There is, therefore, a substantial and continuing justiciable controversy between Plaintiff and Defendant as to Defendant's right to threaten or maintain suit for patent

infringement based on the '835 Patent and as to whether Plaintiff has the right to continue to sell its carts.

## COUNT II
### INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

12. Plaintiff repeats the allegations of paragraphs 1-11 above as if fully set forth herein.

13. Plaintiff sells it carts on Amazon in competition with Defendant.

14. Defendant sent a takedown notice to Amazon alleging that Plaintiff's carts infringed the '835 Patent and requesting that Amazon remove Plaintiff's carts from the Amazon website.

15. Amazon complied with Defendant's request and has removed Plaintiff's carts thereby preventing Plaintiff from offering its carts for sale on Amazon.

16. Defendant knew when it sent its takedown notice to Amazon that Plaintiff's carts did not and do not infringe the '835 Patent.

17. As a result of Defendant's improper takedown notice to Amazon, Plaintiff has lost sales and has incurred other substantial damages, the amount of which is yet to be determined.

WHEREFORE, Plaintiff demands:

A. Entry of a Declaratory Judgment that the '835 Patent is invalid and not infringed by Plaintiff's cart.

B. Entry of a Declaratory Judgment that the '835 Patent is unenforceable.

C. The issuance of an injunction enjoining and restraining Defendant and all those in privity with it from suing or threatening suit against Plaintiff for patent infringement.

    D.  The issuance of an injunction requiring Defendant to withdraw its takedown notice from Amazon.

    E.  Damages in an amount to be determined for Defendant's interference with Plaintiff's business and the trebling of those damages for the willful and intentional nature of Defendant's actions.

    F.  Costs of this action.

    G.  Reasonable attorney's fees.

    H.  Such other and further relief as this Court believes to be just and proper.

            NORMAN E. LEHRER, P.C.


            By: /s/ Norman E. Lehrer
              Norman E. Lehrer
              Attorneys for Plaintiff

Dated: May 17, 2023