LISA A. FREY (NJ State Bar # 033731983)
lisa@mertzel-law.com
MERTZEL LAW PLLC
1204 Broadway, 4th Floor
New York, NY 10001
Tel: 646-965-6900 x 5

Attorneys for Defendant,
DBEST PRODUCTS, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECR4KIDS, L.P., <br><br> Plaintiff, <br><br> v. <br><br> DBEST PRODUCTS, INC. <br><br> Defendant. | CIVIL ACTION NO. 23-2675-MCA-LDW |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................. 1 | |
| II. | FACTUAL BACKGROUND................................................................................. 1 | |
| III. | LEGAL STANDARDS ......................................................................................... 2 | |
| | A. Rule 12(b)(1) Standard ...............................................................................2 | |
| | B. Rule 12(b)(2) standard ................................................................................3 | |
| | C. Rule 12(b)(3) standard ................................................................................3 | |
| | D. Rule 12(b)(6) standard ................................................................................4 | |
| IV. | THE COURT LACKS SUBJECT MATTER JURISDICTION OF THIS ACTION ........ 4 | |
| | A. This Court Lacks Subject Matter Jurisdiction Over the Counts for Declaratory Judgment Because dbest Has Covenanted Not to Sue ECR4Kids for Infringement of the '835 Patent, Eliminating Any Case or Controversy ...........4 | |
| | B. Because the Court Lacks Subject Matter Jurisdiction For Counts I-III, It Should Also Decline to Exercise Supplemental Jurisdiction for the State-Law Claim of Count IV ........................................................................................6 | |
| V. | THIS COURT LACKS PERSONAL JURISDICTION OVER DBEST BECAUSE THE COMPLAINT ALLEGES NO CONTACTS BY DBEST—A CORPORATION INCORPORATED AND BASED IN CALIFORNIA—WITH NEW JERSEY ................ 8 | |
| VI. | THIS DISTRICT IS AN IMPROPER VENUE FOR THIS ACTION BECAUSE DBEST DOES NOT RESIDE IN NEW JERSEY AND NO PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED IN NEW JERSEY ................ 10 | |
| VII. | THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM ON WHICH RELIEF COULD BE GRANTED ............................................................................................................. 12 | |
| | A. Counts I-III Fail to State Claims for Declaratory Judgment Under the Federal Pleading Standard ........................................................................................12 | |
| | B. Counts IV Fails to State a Claim For Intentional Interference with Business Relations Under New Jersey Law and the Federal Pleading Standard ..................13 | |
| VIII. | CONCLUSION........................................................................................................ 14 | |

# TABLE OF AUTHORITIES

CASES

*Adams, Nash & Haskell, Inc. v. United States*, Civ. A. No. 19-3529, 2020 U.S. Dist. LEXIS 47471 (D.N.J. Mar. 19, 2020) .......... 4

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) .......... 6

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2016) .......... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 12

*Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388 (3d Cir. 2016) .......... 9

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2008) .......... 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 5, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 11

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534 (1986) .......... 2

*Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157 (3d Cir. 2012) .......... 4, 13

*Boston Sci. Corp. v. Cook Grp., Inc.*, 269 F. Supp. 3d 229 (D. Del. 2017) .......... 4

*Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141 (3d Cir. 1992) .......... 3

*Cottman Transm. Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994) .......... 13

*Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176 (1980) .......... 15

*Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 U.S. Dist. LEXIS 37639, 2013 WL 1163483 (D.N.J. Mar. 19, 2013) .......... 3

*Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338 (Fed. Cir. 2010) .......... 6

*Fatouros v. Lambrakis*, 627 F. App'x 84 (3d Cir. 2015) .......... 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) .......... 10

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) .......... 10

*In re Corestates Trust Fee Litig.*, 837 F. Supp. 104 (E.D. Pa. 1993) .......... 3

*International Shoe Co., v. Washington*, 326 U.S. 310 (1945). .......... 10

*Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834 (D.N.J. 2002) .......... 9

*Jayme v. MCI Corp.*, 328 F. App'x 768 (3d Cir. 2008) .................................................................. 5

*Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305 (D.N.J. 2015) ................................................... 8

*Matthews Int'l Corp. v. Biosafe Eng'g.*, LLC, 645 F.3d 1322 (Fed. Cir. 2012) ............................ 7

*Maxchief Invs Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018) .................. 9, 10, 11

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ........................................................... 7

*Medpointe Healthcare, Inc. v. Morton Grove Pharms.*, No. 01-5190,
  2003 U.S. Dist. LEXIS 29074 (D.N.J. March 24, 2003) ........................................................... 15

*Metuchen Pharms LLC v. Empower Pharms, LLC*. 2018 U.S. Dist. LEXIS 187105,
  2018 WL 5669151 (D. N.J. 2018) .............................................................................................. 12

*New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032 (Fed. Cir. 2017) ................... 10

*Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 U.S. Dist. LEXIS 92711,
  2016 WL 8677313 (D.N.J. July 15, 2016) ................................................................................... 3

*Papasan v. Allain*, 478 U.S. 265 (1986) .................................................................................. 5, 14

*Phillips v. County of Allegheny*, 515 F.3d 224 (3rd Cir. 2008) ..................................................... 4

*Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 563 A.2d 31 (1989) ................. 16

*Quality Edge, Inc. v. Rollex Corp.*, 709 Fed. Appx. 1000 (Fed. Cir. 2017) ................................. 14

*Strategic Envtl. Partners, LLC v. Bucco*, 184 F. Supp. 3d 108 (D.N.J. 2016) ............................... 8

*Waldman Seafood, Inc. v. Mical Seafood, Inc.*, No. 2:12-cv-02054-SDW-MCA,
  2014 WL 2887855 (D.N.J. June 24, 2014) ................................................................................ 16

*Wilson v. JPMorgan Chase*, Civ. A. No. 18-13789, 2020 U.S. Dist. LEXIS 103695
  (D.N.J. June 15, 2020) ................................................................................................................. 4

*Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995 (Fed. Cir. 1986) ........................................... 15

*Wisconsin Dep't. of Corr. v. Schacht*, 524 U.S. 381 (1998) .......................................................... 8

STATUTES

28 U.S.C. § 1332 ............................................................................................................................. 7

28 U.S.C. §1338(a) .................................................................................................................... 4, 5

28 U.S.C. §1391 ........................................................................................................................... 10

35 U.S.C. § 102 ................................................................................................................ 11

35 U.S.C. § 103 ................................................................................................................ 11

## Rules

Federal Rule of Civil Procedure 12(b)(1) ..................................................................... 2, 3

Federal Rule of Civil Procedure 12(b)(2) ........................................................................ 3

Federal Rule of Civil Procedure 12(b)(3) ........................................................................ 3

Federal Rule of Civil Procedure 12(b)(6) .................................................................. 4, 13

## Treatises

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3567.3 (3d ed.) .. 3, 7

I. INTRODUCTION

The First Amended Complaint ("FAC") should be dismissed for multiple reasons. First, this Court lacks subject matter jurisdiction over Counts I-III, which allege, in each Count, that "there is a substantial and continuing, justiciable controversy between plaintiff and defendant as to defendant's right to threaten or maintain suit for patent infringement." *See* First Amended Complaint ("FAC"). Dkt. No. 4. This allegation is untrue because, as explained below, Defendant dbest products, Inc. ("dbest") has given plaintiff, ECR4Kids, a broad covenant not to sue for infringement of that patent. That covenant divests the Court of subject matter jurisdiction over the patent dispute by eliminating any case or controversy over the patent at issue.

Second, the FAC should be dismissed because this Court lacks personal jurisdiction over dbest, a non-resident, for the claims in this action, which do not arise from any contacts between dbest and New Jersey. Third, the Court should dismiss the FAC because plaintiff has instituted this action in the wrong venue. Fourth, sole state law claim (Count IV) should be dismissed because ECR4Kids has alleged only supplemental jurisdiction for this Court's subject matter jurisdiction over that claim; diversity does not exist between the parties, which are both California business entities. Lastly, the FAC should be dismissed because the it fails to state a proper cause of action under either federal law, for Counts I – III or under state law, for Count IV.

II. FACTUAL BACKGROUND

ECR4Kids filed this action on or about May 17, 2023, and filed a First Amended Complaint ("FAC") on July 17, 2023. Dkt. No. 4. ECR4Kids is a California limited partnership allegedly having a place of business in New Jersey. *Id.*, ¶ 1. dbest is a California corporation having its principal place of business at 7825 SW Somerset Boulevard, Paramount, California. *Id.*, ¶ 2. dbest is the owner of U.S. Patent No. 11,338,835, entitled "High Load Capacity

Collapsible Carts" ("the '835 Patent"). *Id.*, ¶ 4 and Exhibit A. ECF4Kids offers carts for sale on Amazon and elsewhere. *Id.*, ¶¶ 5, 17, 23.

The FAC contains three claims for declaratory judgment related to the '835 Patent and one threadbare claim for intentional interference with business relations, a claim that is nonspecific to any state law or statute. All claims arise from allegations that dbest sent takedown notices to Amazon alleging that ECR4Kids' carts infringed the '835 Patent and requesting that Amazon remove ECR4Kids' carts from the Amazon website. *Id.*, ¶ 18. The FAC further alleges that Amazon complied with the takedown request and removed ECR4Kids' carts from the Amazon website, preventing ECR4Kids from offering its carts for sale on Amazon. *Id.*, ¶ 19. ECR4Kids alleges that dbest knew when it sent its takedown notices that the accused "carts did not and do not infringe the Patent and/or that the Patent was invalid." *Id.* ¶ 20.

dbest has provided ECR4Kids with the following unconditional covenant:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue ECR4Kids, LP, for infringement of any claim of U.S. Patent No. 11,338,835 ("the '835 Patent") based on any product that ECR4Kids is currently making, using, selling, offering for sale, or importing, as of the date of this covenant, or any product that ECR4Kids made, used, sold, offered for sale, or imported at any time before the date of this covenant, including but not limited to the products identified in ECR4Kids' complaint in Civil Action No. 23-2675 in the District of New Jersey, bearing Amazon ASIN Nos. B006XQ7FGM, B01MRD19DQ, and B007CDOXO2.

Declaration of Ehab M. Samuel in Support of Defendant's Motion to Dismiss ("Samuel Decl.), ¶3 and Ex. A.

### III.   LEGAL STANDARDS

#### A.   Rule 12(b)(1) Standard

The Court can adjudicate a dispute only if it has subject matter jurisdiction to hear the asserted claims. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Rule

12(b)(1) governs jurisdictional challenges to a complaint." *Otto v. Wells Fargo Bank, N.A.*, No. 15-8240, 2016 U.S. Dist. LEXIS 92711, 2016 WL 8677313, at *2 (D.N.J. July 15, 2016). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-3922, 2013 U.S. Dist. LEXIS 37639, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).

### B.     Rule 12(b)(2) standard

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86-87 (3d Cir. 2015). A court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (quoting *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)). Where, however, a plaintiff fails to allege jurisdictional facts to support personal jurisdiction, as plaintiff has failed to do here, dismissal pursuant to Fed. R. Civ. P. 12(b)(2) is proper. *Fatouros,* 627 F. App'x at 87.

### C.     Rule 12(b)(3) standard

"Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue." *Wilson v. JPMorgan Chase*, Civ. A. No. 18-13789, 2020 U.S. Dist. LEXIS 103695, at *3 (D.N.J. June 15, 2020). "[W]hen confronted with a motion to dismiss for improper venue, the [c]ourt may consider both the complaint and evidence outside the complaint." *Boston Sci. Corp. v. Cook Grp., Inc.*, 269 F. Supp. 3d 229, 234 (D. Del. 2017) (citing 14D Wright & Miller, Federal Practice & Procedure § 3826 (4th ed. 2017)). "[T]he court accepts the allegations in the complaint as true unless they are contradicted by the defendant's affidavits." *Adams, Nash & Haskell, Inc. v. United States*, Civ. A. No. 19-3529, 2020 U.S. Dist.

LEXIS 47471, at *3 (D.N.J. Mar. 19, 2020) (citing *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012)).

### D.     Rule 12(b)(6) standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008). But the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, assuming the factual allegations in a complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## IV.     THE COURT LACKS SUBJECT MATTER JURISDICTION OF THIS ACTION

### A.     This Court Lacks Subject Matter Jurisdiction Over the Counts for Declaratory Judgment Because dbest Has Covenanted Not to Sue ECR4Kids for Infringement of the '835 Patent, Eliminating Any Case or Controversy

The FAC should be dismissed in its entirety because the Court lacks subject matter jurisdiction over the claims, and pendent jurisdiction over the remaining state law claim serves judicial economy.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2016). Subject matter jurisdiction exists only when either diversity of citizenship or a federal question is sufficiently pleaded. *Jayme v. MCI Corp.*, 328 F. App'x 768, 770-71 (3d Cir. 2008).  Here, the complaint alleges federal question subject matter jurisdiction over Counts I-III for declaratory judgment under 28 U.S.C. § 1338(a) because these counts arise

under the patent laws of the United States and under the Federal Declaratory Judgments Act. Dkt. No. 4, ¶ 3.  Even where, however, a complaint alleges a federal question, there can be no subject matter jurisdiction where there is no actual controversy between the parties. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013) (stating that the Court has "**repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation**.") (citations omitted and emphasis added). Accordingly, a "case becomes moot -- and therefore no longer a 'Case' or 'Controversy' for purposes of Article III -- 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. at 91 (affirming Second Circuit's decision in a trademark case that a covenant not to sue for past and future sales of existing products and colorable imitations left no justiciable controversy).

In the patent context, the Federal Circuit has repeatedly recognized that a covenant not to sue will divest a court of jurisdiction over a declaratory judgment claim of infringement or invalidity when it extinguishes any real controversy between the parties.  *See, Amana Refrigeration, Inc., Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) ("[A] covenant not to sue for any infringing acts involving patents involving products 'made, sold, or used' on or before the filing date is sufficient to divest a trial court of jurisdiction over a declaratory judgment action."); *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) (a covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties).

Here, dbest has given ECR4Kids the following unconditional covenant:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue ECR4Kids, LP, for infringement of any claim of U.S. Patent No.

> 11,338,835 ("the '835 Patent") based on any product that ECR4Kids is currently making, using, selling, offering for sale, or importing, as of the date of this covenant, or any product that ECR4Kids made, used, sold, offered for sale, or imported at any time before the date of this covenant, including but not limited to the products identified in ECR4Kids' complaint in Civil Action No. 23-2675 in the District of New Jersey, bearing Amazon ASIN Nos. B006XQ7FGM, B01MRD19DQ, and B007CDOXO2.

Samuel Decl., ¶3 and Ex. A. Here, the first three Counts in the FAC allege that "there is a substantial justiciable controversy between plaintiff and defendant as to defendant's right to threaten or maintain suit for patent infringement." FAC ¶¶9, 14, 21. This covenant that dbest provided to ECR4Kids, however, eliminates any case or controversy between the parties "as to defendants right to threaten or maintain suit for patent infringement," and therefore the Court lacks subject matter jurisdiction over these claims. *See Janssen Pharmaceutica*, *N.V. v. Apotex*, 540 F.3d 1353, 1363 Fed. Cir. 2008) (affirming district court's dismissal for lack of case or controversy because patentee's covenant not to sue protected declaratory judgment plaintiff from suit based on its generic version of a patented pharmaceutical product).

A trial court also has significant discretion in determining whether to exercise declaratory judgment jurisdiction. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007); *Matthews Int'l Corp. v. Biosafe Eng'g.*, LLC, 645 F.3d 1322, 1328 n.3 (Fed. Cir. 2012). Given the lack of a genuine controversy here and the additional lack of personal jurisdiction and improper venue, even if a case or controversy still existed, the Court should decline to exercise jurisdiction over Counts 1-3 and dismiss them with prejudice.

    **B.    Because the Court Lacks Subject Matter Jurisdiction For Counts I-III, It Should Also Decline to Exercise Supplemental Jurisdiction for the State-Law Claim of Count IV**

The FAC alleges only supplemental jurisdiction over Count IV, a barebones claim for interference with business relations that neither tracks the elements for California nor New

Jersey state law. Dkt. No. 4, ¶ 3. Supplemental jurisdiction allows federal courts to hear state law claims "when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Supplemental jurisdiction, however, is discretionary. "Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims." *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 320 (D.N.J. 2015); *Strategic Envtl. Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 134 (D.N.J. 2016); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying [federal question] claims are dismissed before trial").

Here, if the declaratory judgment act claims are dismissed for lack of case or controversy, judicial economy favors dismissing the stateless state-law claim. That claim is based entirely on allegations that dbest, a California corporation based in California, sent takedown notices to Amazon, causing the California partnership to lose sales. Fairness to dbest also favors dismissing the state-law claim, which has no connection to New Jersey other than ECR4Kids' allegedly having a place of business in New Jersey as of the filing of the action. New Jersey has no interest in resolving a dispute between two California entities that arose outside of New Jersey.

ECR4Kids has not invoked diversity jurisdiction and it does not exist for this action. Federal courts may invoke diversity jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson v. Delaware River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing 28 U.S.C. § 1332). For a district court to possess diversity jurisdiction over the parties, "the parties must be

completely diverse, meaning that no plaintiff can be a citizen of the same state as any of the defendants." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (internal citations omitted). The FAC does not allege an amount in controversy but alleges that dbest is a California corporation with its principal place of business in California and that ECR4Kids is a California limited partnership. Thus, the parties are citizens of the same state, California, so diversity is not a ground for subject matter jurisdiction.

V. **THIS COURT LACKS PERSONAL JURISDICTION OVER DBEST BECAUSE THE COMPLAINT ALLEGES NO CONTACTS BY DBEST—A CORPORATION INCORPORATED AND BASED IN CALIFORNIA—WITH NEW JERSEY**

The FAC does not allege any grounds for personal jurisdiction over dbest. It recognizes that dbest is a California corporation with its principal place of business in California. Dkt. No. 4, ¶ 2. Federal Circuit law applies to personal jurisdiction over claims seeking declaratory judgments of non-infringement and invalidity. *Maxchief Invs Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1137 (Fed. Cir. 2018). Federal Circuit law also applies to personal jurisdiction over state law claims where the "resolution of the patent infringement issue" would be a "significant factor" in resolving those state law claims." *Id.*

A court has personal jurisdiction over a nonresident defendant if the forum state's long-arm statute permits service of process and asserting personal jurisdiction comports with due process. *See, e.g., New World Int'l, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032, 1157 (Fed. Cir. 2017) (affirming district court's dismissal of action for lack of personal jurisdiction). Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that the suit not offend "traditional notions of fair play and substantial justice." *International Shoe Co., v. Washington*, 326 U.S. 310, 316 (1945)). The minimum contacts test has two related prongs. First, the defendant must have purposefully directed its conduct at the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Second, the claim

must "arise out of or relate" to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A claim for a declaration that a patent is invalid, not infringed, or unenforceable arises out of the patentee's contacts with the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008). For a declaratory judgment action, minimum contacts require some enforcement activity *in the forum state* by the patentee. *Maxchief*, 909 F.3d at 1138. It is not enough that enforcement activities outside the forum state might have effects in the forum state. *Id.*

The FAC does not allege that ECR4Kids' claims arise out of any contacts between dbest and New Jersey. Rather, the FAC alleges that dbest sent a takedown notice to Amazon alleging that Plaintiff's carts and those of other competitors infringed the '835 Patent, which caused Amazon to remove Plaintiff's and others' carts from the Amazon website. Dkt. 4, ¶¶ 18, 19. As such, the FAC does not allege any acts by dbest either in New Jersey or directed at New Jersey. Therefore, there is no basis for the Court to assert personal jurisdiction over dbest for Counts I-III.

For the same reason, this Court lacks personal jurisdiction over dbest for Count IV, for interference with business relations, which is based on the same allegations and an additional allegation that, as a result of the allegedly improper takedown notices to Amazon, ECR4Kids has lost sales and incurred other substantial damages. Dkt. No. 4, ¶¶ 22-24. No contacts between dbest and New Jersey have been alleged. The FAC does not even allege that ECR4Kids, a California partnership, had the place of business in New Jersey alleged in the FAC at the time dbest sent the takedown notices to Amazon. Without allegations that the interference with business relations claim arose out of contacts between dbest and New Jersey or a New Jersey

resident, this Court lacks personal jurisdiction over dbest for Count IV. *See Maxchief*, 909 F.3d at 1140 (concluding district court in Tennessee lacked personal jurisdiction for tortious interference claim based on allegations that patentee sent an infringement notice alleging infringement by plaintiff's Kansas customer). Indeed, Count IV also fails to comply with the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ECR4kids failed to: (i) identify whether its cause of action is based under California or New Jersey state law, and (ii) plead any facts to support each element of such cause of action. Therefore, the FAC should be dismissed for lack of personal jurisdiction over dbest.

## VI. THIS DISTRICT IS AN IMPROPER VENUE FOR THIS ACTION BECAUSE DBEST DOES NOT RESIDE IN NEW JERSEY AND NO PART OF THE EVENTS GIVING RISE TO THE CLAIM OCCURRED IN NEW JERSEY

The Court should dismiss the FAC because, even if plaintiff could show that the Court has personal jurisdiction over defendant and subject matter jurisdiction over the claims—which plaintiff cannot do—plaintiff has instituted this action in the wrong venue. When a defendant challenges venue, the plaintiff has the burden to establish venue. *Metuchen Pharms LLC v. Empower Pharms, LLC*. 2018 U.S. Dist. LEXIS 187105, 2018 WL 5669151 at *4-6 (D. N.J. 2018). Federal Circuit law governs venue in patent cases, including declaratory judgment actions. Under either Federal Circuit or Third Circuit law, Plaintiff has not alleged facts supporting venue in this district. The FAC alleges that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. §1391." Dkt. No. 4, ¶ 3. Under 28 U.S.C. § 1391, a plaintiff may bring a case in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action

is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a)(1)-(3). None of these subsections applies here.

dbest resides in California, where it is also incorporated, and not in this judicial district. Nor is it subject to personal jurisdiction in this judicial district, as discussed above, because the FAC does not allege minimum contacts with New Jersey. Therefore, venue could only be proper in this district under Section 1391 if a substantial part of the events giving rise to the claim occurred in this district. The Third Circuit has explained that "[t]he test for determining venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transm. Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). "In assessing whether events or omissions giving rise to [a] claim[] are substantial, it is necessary to look at the nature of the dispute." *Id.* at 295. In addition, the Third Circuit has observed that "the venue provision 'favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be substantial . . . and that [s]ubstantiality is intended to preserve the elements of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute[.]'" *Bockman*, 459 Fed. Appx. at 161 (quoting *Cottman*, 36 F.3d at 294-95). Events or omissions that have only "some tangential connection" with the dispute are not sufficient to support venue under 28 U.S.C. § 1391(b)(2). *Cottman*, 36 F.3d at 294.

But here, no part of the alleged events giving rise to the claims in this action occurred in this district. ECR4Kids does not allege that dbest took any action in New Jersey or directed toward New Jersey, or even that ECR4Kids had a place of business in New Jersey when dbest sent the takedown notice to Amazon. It alleges that dbest sent the takedown notice to Amazon. And Amazon is headquartered in Seattle in the state of Washington. Therefore, based on the allegations in the FAC, venue in this district is improper.

### VII. THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6) BECAUSE IT FAILS TO STATE A CLAIM ON WHICH RELIEF COULD BE GRANTED

#### A. Counts I-III Fail to State Claims for Declaratory Judgment Under the Federal Pleading Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will be granted where, as here, plaintiff's claim for patent invalidity merely recites sections of the patent laws with no supporting facts. *Quality Edge, Inc. v. Rollex Corp.*, 709 Fed. Appx. 1000, 1009 (Fed. Cir. 2017) (claims for patent invalidity properly dismissed where pleading merely "recite[d] various sections of the patent statute with no supporting facts"). For example, Count II seeks a declaration that the '835 Patent is invalid for failure to comply with the Patent Laws, including 35 U.S.C. §§ 102 and/or 103. *Id.*, ¶11. It further alleges that "on information and belief, the Patent is invalid as the alleged inventive carts described and claimed therein were on sale or in public use by others before the filing date of the application." *Id.*, ¶ 12. But it does not allege the facts of the alleged sales or public uses by others. Thus, it is merely a legal conclusion, which the Court is not required to accept as true. *See Papasan*, 478 U.S. at 286 (a court is not bound to accept as true a legal conclusion couched as a factual allegation). Similarly, Count II alleges in the alternative that "any differences" between the prior art carts on sale or in public use "would have been obvious to a person skilled in the art." *Id.*, ¶ 13. But this is another legal conclusion and the FAC lacks any factual support for that legal conclusion.

Count III seeks a declaration that the '835 Patent "is unenforceable for misuse in that Defendant has asserted its Patent against Plaintiff and others knowing that the patent has not been infringed and/or is invalid." Count III further alleges the takedown notice and Amazon's compliance, as discussed above. It fails to provide meaningful notice about ECR4Kids' theories of non-infringement and invalidity, or about any basis to allege that dbest sent a takedown notice to Amazon in bad faith, knowing that the patent was not infringed or invalid.

Even if ECR4kids had alleged factual support for these allegations, they would not state a claim for unenforceability based on *patent misuse*. The doctrine of patent misuse is an affirmative defense against a suit for patent infringement, derived from the equitable defense of "unclean hands." *Dawson Chem. Co. v. Rohm & Haas Co.*, 448 U.S. 176, 186 n. 7 (1980); *see also Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986). Under the patent misuse doctrine, holders of patents granted in furtherance of the public policy of promoting invention are denied enforcement of their patents if they misuse them in an attempt to extend the scope of their patent monopoly. *Dawson Chem. Co.*, 448 U.S. at 180. The elements of patent misuse are that the patentee (1) impermissibly broadened the scope of a patent grant (2) by imposing conditions that derive their force from the patent (3) with an anticompetitive effect. *Medpointe Healthcare, Inc. v. Morton Grove Pharms.*, No. 01-5190, 2003 U.S. Dist. LEXIS 29074, *8 (D.N.J. March 24, 2003) (dismissing counterclaim for patent misuse that failed to allege conduct by the patentee broadening the scope of the patent). Count III and the FAC do not allege facts supporting either of those elements and therefore do not state a defense of patent misuse.

    **B.**    **Counts IV Fails to State a Claim For Intentional Interference with Business Relations Under New Jersey Law and the Federal Pleading Standard**

Even assuming, *arguendo*, this Court exercises jurisdiction over Count IV for intentional interference with business relations, the claim should also be dismissed for failure to state a claim. To establish a tortious interference with business relations claim under New Jersey law, a plaintiff must allege that: (1) it had some "reasonable expectation of economic advantage;" (2) the defendant's actions were malicious such that the harm was inflicted intentionally and without justification or excuse;" (3) the interference "caused the loss of the prospective gain or there was a reasonable probability that the plaintiff would have obtained the anticipated economic benefit";

and (4) "the injury caused the plaintiff damage." *Waldman Seafood, Inc. v. Mical Seafood, Inc.*, No. 2:12-cv-02054-SDW-MCA, 2014 U.S. Dist. LEXIS 86143, 2014 WL 2887855, at *7 (D.N.J. June 24, 2014) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751-52, 563 A.2d 31 (1989)). Count IV seeks damages for an intentional tort. Such a claim requires specific allegations that defendant inflicted harm intentionally, and without justification or excuse.

At bottom, the FAC is devoid of any factual allegations, let alone plausible allegations, that demonstrate bad faith on dbest's part or that defendant's actions were malicious such that the harm was inflicted intentionally and without justification or excuse. Therefore, Count IV fails to state a claim for interference with business relations, and thus, must be dismissed under Fed. R. Civ. P. 12(b)(6).

## VIII.  CONCLUSION

The FAC should be dismissed. The Court lacks subject matter jurisdiction because dbest has given ECR4Kids a broad covenant not to sue for infringement of that patent. That covenant divests the Court of subject matter jurisdiction over the counts that present a federal question, by eliminating any case or controversy. The remaining state law claim should be dismissed because there is no diversity between the parties, both of which are California business entities. The Court also lacks personal jurisdiction over dbest because ECR4Kids' claims do not arise from any contacts between dbest and New Jersey. Venue in this district is improper for the same

reasons. The claims should also be dismissed for failure to state a claim. Accordingly, for the reasons set forth above, defendant respectfully requests that the FAC be dismissed in its entirety.

Dated: October 25, 2023                     Respectfully submitted,

                                            */s/ Lisa A. Frey*
                                             Lisa A. Frey
                                            *Attorneys for dbest products, Inc.*