# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ECR4Kids, L.P.,          : | |
|            : | CIVIL ACTION NO. |
|         Plaintiff,    : | 2:23-cv-2675-MCA-LDW |
|     v.           : | |
|            : | ELECTRONICALLY FILED |
| DBEST PRODUCTS, INC.,    : | |
|            : | ORAL ARGUMENT |
|         Defendant.  : | REQUESTED |
|            : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S CROSS-MOTION TO TRANSFER THIS CASE TO THE <u>U.S.D.C. FOR THE CENTRAL DISTRICT OF CALIFORNIA</u>**

DIMARINO, LEHRER & COLLAZO, P.C.
Anthony J. DiMarino, Esquire
52 Haddonfield Berlin Road, Suite 1000
Cherry Hill, New Jersey 08034
856.888.1200
ajd@dimarinolaw.com
Attorneys for Plaintiff

## **<u>TABLE OF CONTENTS</u>**

**Page**

I.     INTRODUCTION…………………………………………………..1

II.    BACKGROUND……………………………………………….....1

III.   PROCEDURAL HISTORY……………………………………….....3

IV.   ARGUMENT……………………………………………………..3

     A.    This Court Has Subject Matter Jurisdiction…………………………..3

          1.    Subject matter jurisdiction exists because resolution of ECR's tortious interference claim involves a substantial issue of patent law…………………………………………………..3

          2.    Defendant's covenant not to sue does not divest the Court of subject matter jurisdiction…………………………....5

     B.    This Case Should Be Transferred to the Central District of California…………………………………………………………..9

     C.    Plaintiff's Amended Complaint Sufficiently Pleads a Claim for Tortious Interference With Contract………………………………12

V.    CONCLUSION…………………………………………………..15

# <u>TABLE OF AUTHORTITIES</u>

**Page(s)**

## <u>Cases</u>

*11611 Bonita Beach Rd. SE Assocs., LLC v. Pine Island Crossing, LLC*,
No. 14-cv-1502, 2014 WL 5089588 (D.N.J. Oct. 8, 2014)………………...10

*ABB Inc. v. Cooper Indus., LLC*,
635 F.3d 1345 (Fed. Cir. 2011)……………………………………………7

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*,
986 F.2d 476 (Fed. Cir. 1993)…………………………………………….4

*Ahuja v. Mayorkas*,
No. 21-cv-8517, 2022 WL 18456171 (D.N.J. Apr. 28, 2022)………………10

*Already LLC v. Nike, Inc.*,
568 U.S. 85 (2013)……………………………………………………...7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)…………………………………………14

*Bayer Healthcare LLC v. Nektar Therapeutics*,
No. 17-cv-5055-LHK, 2018 WL 1258202, (N.D. Cal. Mar. 12, 2018)……...12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………..14

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)………………………………………………………4

*ES Distribution, LLC v. Hangtime LLC*,
No. 20-cv-469, 2020 WL 6689755 (D.N.J. Nov. 13, 2020)…………………10

*Finnegan v. Roman Cath. Archdiocese of Philadelphia*,
No. 21-cv-20556, 2023 WL 5769392 (D.N.J. Sept. 7, 2023)………………10

*Forrester Envtl. Servs., Inc. v. Wheelabrator Techs., Inc.*,
715 F.3d 1329 (Fed. Cir. 2013)……………………………………………4, 5

*Goldlawr, Inc. v. Heiman,*
    369 U.S. 463 (1962)…………………………………………………………..10

*Gunn v. Minton,*
    568 U.S. 251 (2013)……………………………………………………………5

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998))……………………………………………..4

*In re Pfizer Inc.*,
    Misc. No. 915, 2010 WL 375112 (Fed. Cir. Feb. 2, 2010)
    (*non-precedential*)………………………………………………………...9

*Ixchel Pharma, LLC v. Biogen, Inc.*,
    9 Cal. 5th 1130, 470 P.3d 571 (2020)………………………………………13

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*,
    909 F.3d 1134 (Fed. Cir. 2018)……………………………………………..4, 5

*Mikohn Gaming Corp. v. Acres Gaming*, *Inc.*,
    165 F.3d 891 (Fed. Cir. 1998)……………………………………………….3

*Newman v. N. Carolina Ins. Underwriting Ass'n/N. Carolina Joint
    Underwriting Ass'n*, No. 20-cv-1464, 2020 WL 6689756
    D.N.J. Nov. 13, 2020)………………………………………………………10

*Printing Mart-Morristown v. Sharp Elecs. Corp.*,
    116 N.J. 739, 751-52, 563 A.2d 31 (1989)…………………………………13

*SanDisk Corp. v. Mobile Media Ideas LLC*,
    No. 11-cv-597, 2011 WL 1990662, *2-3 (N.D. Cal. May 23, 2011)………..6

*Taube v. Common Goal Sys., Inc.*,
    No. 11-cv-2380, 2011 WL 5599821 (D.N.J. Nov. 1, 2011)………………...11

*Transform Partners, LLC v. dbest products, Inc., et al.*,
    U.S.D.C., C.D. Cal., No. 23-cv-5982………………………………………11

*Waldman Seafood, Inc. v. Mical Seafood, Inc.*,
      No. 2:12-cv-02054-SDW-MCA, 2014 U.S. Dist. LEXIS 86143,
      2014 WL 2887855 (D.N.J. June 24, 2014)…………………………………13

*Wilco Marsh Buggies and Draglines Inc. v. Houston Heavy Machinery, LLC*,
      No. H-21-616, 2022 WL 4454370 (S.D. Tex. Sep. 23, 2022)………………..6

*Xitronix Corp. v. KLA-Tencor Corp.*,
      882 F.3d 1075 (Fed. Cir. 2018)………………………………………………...5

## **Statutes**

28 U.S.C. § 1338………………………………………………………………..4, 5

28 U.S.C. § 1338(a)…………………………………………………………………...4

28 U.S.C. § 1391(b)………………………………………………………………11

28 U.S.C. § 1406(a)………………………………………………………....9, 10, 11, 12

28 U.S.C. § 1631………………………………………………………….....9, 12

35 U.S.C. § 271………………………………………………………………….6

## I.   <u>INTRODUCTION</u>

This Court has subject matter jurisdiction over plaintiff's tortious interference claim (Count IV) because resolution of that claim involves a substantial issue of patent law, namely an issue of patent infringement.   This Court also has subject matter jurisdiction over plaintiff's claims for a declaration of noninfringement, invalidity and unenforceability (Counts I-IIII) because the covenant not to sue provided by defendant is insufficient to moot the controversy between the parties.

Additionally, while plaintiff maintains a place of business in New Jersey and would be entitled to seek discovery on jurisdiction, plaintiff respectfully requests that this Court transfer this matter to the United States District Court for the Central District of California ("Central District of California").

Finally, plaintiff's claim for intentional interference with business relations (Count IV) is sufficiently pled.

## II.   <u>BACKGROUND</u>

ECR4Kids, L.P. (hereafter "ECR") manufactures and sells rolling carts.   ECR sells these carts to Amazon.com and elsewhere.   First Amended Complaint ("FAC") at ¶ 4.[1]   ECR is a vendor to Amazon.com of these rolling cart products.   Declaration of Jeffrey Lynn, ¶ 5, (hereafter "Lynn Decl.").

---

[1] So the Court may place this dispute in the proper context, an example of the type of rolling cart offered for sale by ECR, and the carts at issue in this dispute, is found

Defendant, dbest products, Inc. ("Defendant" or "dbest"), claims to be the owner of U.S. Patent No. 11,338,835 entitled "High Load Capacity Collapsible Carts" (the "'835 Patent"). FAC at ¶ 4.

Defendant also sells rolling carts. Defendant's and ECR's rolling carts are both sold on Amazon.com and these products compete with each other. FAC ¶ 17.

Defendant sent a takedown notice to Amazon.com, alleging that ECR's rolling carts infringed dbest's '835 Patent. FAC ¶ 18.

Amazon.com complied with dbest's takedown request and removed ECR's rolling cart products, as well as other competitors' rolling cart products, from the Amazon website. As a result, ECR's rolling cart products were no longer offered for sale on Amazon.com. *Id*.

But ECR's rolling cart products do not infringe any claim of dbest's '835 Patent, and dbest knew that ECR's carts did not infringe its patents when it sent its takedown notice to Amazon.com. FAC ¶¶ 8, 20.

ECR now seeks declaration of non-infringement, invalidity, and unenforceability of the '835 Patent. *See* FAC, Counts I, II, and III. ECR also seeks to recover the losses it sustained because of dbest's improper takedown notice to Amazon.com. *See* FAC, Count IV.

---

at: https://www.ecr4kids.com/collections/storage-organization/products/ecr4kids-memorystor-universal-rolling-cart.

## III.   **PROCEDURAL HISTORY**

On May 17, 2023, ECR's Complaint against dbest was filed by its counsel, Norman E. Lehrer, Esquire, of Norman E. Lehrer, P.C.  On July 17, 2023, Norman E, Lehrer, Esquire filed the FAC, adding Count IV, Intentional Interference with Business Relations.  dbest products was served with the Summons and the FAC on August 7, 2023.

Unfortunately, Norman E. Lehrer, Esquire passed away on August 26, 2023. Anthony J. DiMarino, III, Esquire, the undersigned, entered his appearance on behalf of ECR on September 7, 2023.  On October 25, following extensions of time to respond to the Complaint, dbest filed the instant Motion to Dismiss.

## IV.   **ARGUMENT**

### A.   **This Court Has Subject Matter Jurisdiction.**

#### 1.   **Subject matter jurisdiction exists because resolution of ECR's tortious interference claim involves a substantial issue of patent law.**

The crux of ECR's tortious interference claim depends on whether dbest's accusation to Amazon.com that the ECR product infringed dbest's patent was "objectively baseless" – an issue solely governed by U.S. patent law.  *See Mikohn Gaming Corp. v. Acres Gaming*, *Inc.*, 165 F.3d 891, 898 (Fed. Cir. 1998) ("We apply *federal patent* law and precedent relating to the giving of notice of patent rights. . . . Federal law requires a showing of bad faith in order to bar such communications.")

(emphasis added).  Hence, as noted by the Federal Circuit Court of Appeals in

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018), subject

matter jurisdiction over such a tortious interference claim can exist under 28 U.S.C.

§ 1338.[2]  The *Maxchief Invs.* court opined:

> Contrary to the district court's conclusion that "there is no
> independent federal basis for subject matter jurisdiction on
> this claim," there may well be original subject matter
> jurisdiction over [plaintiff's] claim under 28 U.S.C. §
> 1338. Here, to prevail on its tortious interference claim,
> [plaintiff] would have to prove that [defendant] engaged
> in "unfounded litigation," . . . which in turn would require
> [plaintiff] to prove non-infringement or invalidity of
> [defendant's] patents. <u>Our past cases have "concluded that
> similar state law claims premised on allegedly false
> statements about patents raised a substantial question of
> federal patent law," thus conferring jurisdiction under §
> 1338</u>.  *Forrester Envtl. Servs., Inc. v. Wheelabrator
> Techs., Inc.*, 715 F.3d 1329, 1334 (Fed. Cir. 2013) (citing
> *Additive Controls & Measurement Sys., Inc. v. Flowdata,
> Inc.*, 986 F.2d 476, 478 (Fed. Cir. 1993); *Hunter Douglas,
> Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1329 (Fed.
> Cir. 1998)).

---

[2] A district court's federal-question jurisdiction, . . . extends "over those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action *or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law*," in that "federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (emphasis added).  Furthermore, "merely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law.  Just as 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint,' so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions." *Id.* at 809 n.3.

These cases "may well have survived the Supreme Court's decision" in *Gunn v. Minton*, 568 U.S. 251, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013).  *See Forrester*, 715 F.3d at 1334.  To be sure, in *Gunn* the mere existence of a patent law issue did not confer § 1338 federal jurisdiction over a claim alleging malpractice in the handling of a patent case.  *Id.* at 259–61, 133 S.Ct. 1059; *Forrester*, 715 F.3d at 1334; *Xitronix Corp. v. KLA-Tencor Corp.,* 882 F.3d 1075, 1076 (Fed. Cir. 2018).  <u>But because a tortious interference claim like the one presented here involves determining infringement and validity, this is a situation in which there is potential for "inconsistent judgments between state and federal courts,"</u> *see Forrester*, 715 F.3d at 1334, a circumstance that *Gunn* itself indicated could support federal jurisdiction, 568 U.S. at 261–62, 133 S.Ct. 1059.

*Maxchief Invs. at* 1140 n.3 (emphasis added).

As such, subject matter jurisdiction exists over ECR's tortious interference claim against dbest independent of the subject matter jurisdiction that exists over the patent-related declaratory judgment counts.

### 2.   Defendant's covenant not to sue does not divest the Court of subject matter jurisdiction.

Contrary to dbest's argument, the covenant not to sue it provided to ECR does not extinguish the controversy between ECR and dbest in this case.  The covenant simply provides, in relevant part, as follows:

> dbest products, Inc. unconditionally and irrevocably covenants not to sue ECR4Kids, L.P. for infringement of any claim of U.S. Patent No. 11,338,835…

Exhibit A to Declaration of Ehab M. Samuel, ECF No. 14-3.

But the covenant does <u>not</u> extend to ECR's customers.  Amazon.com is a customer of ECR.  Lynn Decl. ¶¶ 4, 5.  Indeed, this issue began because dbest sent a takedown notice to Amazon.com, advising that the ECR products sold on Amazon.com infringe the claims of dbest's '835 Patent.

Amazon.com has sold the rolling cart products at issue, and could be sued for patent infringement, as could ECR's retail customers who are using the rolling carts at issue.  35 U.S.C. § 271 (whoever without authority makes, <u>uses</u>, offers to sell, or <u>sells</u> any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent) (emphasis added).  *See*, *e.g.*, *Wilco Marsh Buggies and Draglines Inc. v. Houston Heavy Machinery, LLC,* No. H-21-616, 2022 WL 4454370, *2 (S.D. Tex. Sep. 23, 2022) (ruling patentee's covenant not to sue did not extinguish the controversy between the parties since it did not extend to accused infringer's customers who simply purchased accused product); *SanDisk Corp. v. Mobile Media Ideas LLC*, No. 11-cv-597, 2011 WL 1990662, *2-3 (N.D. Cal. May 23, 2011) (denying motion to dismiss declaratory judgment action even though patentee had given plaintiff a covenant-not-to-sue since the covenant did not cover plaintiff's customers and patentee had previously stated to plaintiff that its customers were liable for patent infringement; ruling that the court would not dismiss the suit until patentee expressly extended covenant-not-to-sue to plaintiff's customers).

Further, ECR is a vendor to Amazon.com.  Under Amazon.com's Vendor Terms and Conditions, ECR is obligated to "defend, indemnify, and hold harmless Amazon.com, Inc….against any third party claim … arising from…  any infringement… of any third party rights, including intellectual property rights, by any Product… you provide to us…."  *See* Amazon.com's Vendor Terms and Conditions, Section 5, Ex. A to Lynn Decl.

Owing indemnity is a factor that can support a controversy for a patent-related declaratory judgment claim as the indemnification obligation can make the declaratory judgment plaintiff liable to its customers for the patent infringement.  *See ABB Inc. v. Cooper Indus., LLC,* 635 F.3d 1345, 1349-50 (Fed. Cir. 2011) (controversy sufficient for a declaratory judgment claim where the patentee had threatened to vigorously enforce its patents which meant it might sue the declaratory judgment plaintiff for inducing infringement or sue the plaintiff's customer/supplier for direct infringement and thereby trigger an indemnity obligation the plaintiff owed to the customer/supplier).

In *Already LLC v. Nike, Inc.*, 568 U.S. 85 (2013), the Supreme Court found the following covenant sufficient to moot an infringement controversy:

> [W]e begin our analysis with the terms of the covenant:

>> "[Nike] unconditionally and irrevocably covenants to refrain from making *any* claim(s) or demand(s) ... against Already or

> *any* of its ... related business entities ...
> [including] <u>distributors</u> ... and employees of
> such entities and <u>*all* customers</u> ... on account
> of any *possible* cause of action based on or
> involving trademark infringement, unfair
> competition, or dilution, under state or
> federal law ... relating to the NIKE Mark
> based on the appearance of *any* of Already's
> current and/or previous footwear product
> designs, and *any* colorable imitations thereof,
> regardless of whether that footwear is
> produced ... or otherwise used in commerce
> before or after the Effective Date of this
> Covenant."

> The breadth of this covenant suffices to meet the burden
> imposed by the voluntary cessation test. The covenant is
> unconditional and irrevocable. Beyond simply
> prohibiting Nike from filing suit, it prohibits Nike from
> making any claim *or* any demand. <u>It reaches beyond
> Already to protect Already's distributors and
> customers</u>. And it covers not just current or previous
> designs, but any colorable imitations.

*Id.* at 93 (italics emphasis in original, underlined emphases added).

Since dbest's covenant does not extend to ECR's customers, including

Amazon.com, and ECR owes indemnification obligations to Amazon.com, dbest's

covenant not to sue does not provide the same scope of protection the Supreme Court

found sufficient, and therefore does not render the declaratory judgment counts

moot. To the contrary, this fact *further supports* subject matter jurisdiction in this

case.

8

**B.     This Case Should Be Transferred to the Central District of California.**

Defendant seeks dismissal of this case on lack of personal jurisdiction and improper venue grounds.  Such a result is not warranted.  Although ECR could request jurisdictional discovery concerning dbest's New Jersey sales, activities, and contacts in an effort to keep this matter in this Court, ECR acknowledges that jurisdiction and venue over this case are unquestionably proper in the Central District of California.  Therefore, in the interest of saving the time and resources of the parties and the Court, ECR does not seek that discovery and cross-moves for transfer of this action to the Central District of California under 28 U.S.C. § 1406(a) (authorizing transfer in interest of justice to any district or division in which the case could have been brought), or, alternatively, under 28 U.S.C. § 1631 (authorizing transfer in the interest of justice to cure want of jurisdiction).[3]

As to venue, the United States Supreme Court has confirmed:

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.  The section is thus in accord with

---

[3] *See In re Pfizer Inc.*, Misc. No. 915, 2010 WL 375112, *2 (Fed. Cir. Feb. 2, 2010) (*non-precedential*) (denying patentee's petition for mandamus seeking to overturn transfer of action, the Federal Circuit finding that the district court did not clearly abuse its discretion in relying on fact that judicial economy would be achieved from the transfer since the transfer would obviate issues of whether the Delaware forum had forum had personal jurisdiction over the accused infringer).

> the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.

*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962), *cited with approval in 11611 Bonita Beach Rd. SE Assocs., LLC v. Pine Island Crossing, LLC*, No. 14-cv-1502, 2014 WL 5089588, at *3 (D.N.J. Oct. 8, 2014) (transferring venue under § 1406(a)).

The Supreme Court has also made it clear that "[d]ismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *Goldlawr*, 369 U.S. at 466 (1962) (emphasis added), *cited with approval in Newman v. N. Carolina Ins. Underwriting Ass'n/N. Carolina Joint Underwriting Ass'n*, No. 20-cv-1464, 2020 WL 6689756, at *9-10 (D.N.J. Nov. 13, 2020) (case transferred to another venue under § 1406(a)) and *ES Distribution, LLC v. Hangtime LLC*, No. 20-cv-469, 2020 WL 6689755, at *3 (D.N.J. Nov. 13, 2020) (case transferred under § 1406(a) to venue where defendant was incorporated); *accord Finnegan v. Roman Cath. Archdiocese of Philadelphia*, No. 21-cv-20556, 2023 WL 5769392, at *5 (D.N.J. Sept. 7, 2023) (after jurisdictional discovery failed to support personal jurisdiction over defendant, case transferred under § 1406(a) to venue where defendant was located); *Ahuja v. Mayorkas*, No. 21-cv-8517, 2022 WL 18456171, at *1-3 & n.1 (D.N.J. Apr. 28, 2022) (Arleo, J.) (case transferred under § 1406(a) to venue where

10

defendants resided); *Taube v. Common Goal Sys., Inc.*, No. 11-cv-2380, 2011 WL 5599821, at *5 (D.N.J. Nov. 1, 2011) (case transferred under § 1406(a) to venue where defendants resided) (Arleo, M.J.), *report and recommendation adopted*, No. 11-2380-SDW, 2011 WL 5825792 (D.N.J. Nov. 16, 2011).

The interest of justice thus supports transfer of this case to the Central District of California, where dbest resides and where this case could have originally been brought. *See* 28 U.S.C. § 1391(b).  Notably, in a case currently pending in the U.S.D.C. for Central District of California (involving claims against dbest similar to those ECR has asserted against dbest in this case), dbest has admitted that jurisdiction and venue in the Central District of California is proper. *See* Complaint in *Transform Partners, LLC v. dbest products, Inc., et al.*, U.S.D.C., C.D. Cal., No. 23-cv-5982, attached as Exhibit A to the Declaration of Anthony J. DiMarino ("DiMarino Decl."), at ¶ 4 and dbest's Answer and Counterclaims in *Transform Partners*, attached as Exhibit B to the DiMarino Decl., at ¶ 4 (dbest admitted jurisdiction and venue are proper in the Central District of California).

In *Transform Partners*, dbest has also admitted that it has a principal place of business at 16506 Avalon Boulevard, Carson, California.  *See Transform Partners* Compl., at ¶ 6, Ex. A to DiMarino Decl. and dbest's Answer thereto at ¶ 6, Ex. B to DiMarino Decl.  Carson is a city located in Los Angeles County, California.  Carson

and Los Angeles County are within the jurisdiction of the Central District of California (*see* https://www.cacd.uscourts.gov/jurisdiction).

Accordingly, ECR's cross-motion to transfer this action to the Central District of California under § 1406(a) should be granted.

Transfer of this action to the Central District of California under 28 U.S.C. § 1631 would also be appropriate. *See e.g. Bayer Healthcare LLC v. Nektar Therapeutic*s, No. 17-cv-5055-LHK, 2018 WL 1258202, *11 (N.D. Cal. Mar. 12, 2018) (after concluding that it lacked personal jurisdiction over declaratory judgment defendant, transferring, rather than dismissing the action, under 28 US.C. § 1631, to Delaware where all the parties were incorporated and other related actions between the parties were pending and noting transfer was in the interest of justice as "dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating").

### C.   Plaintiff's Amended Complaint Sufficiently Pleads a Claim for Tortious Interference With Contract.

Plaintiff's Amended Complaint sufficiently pleads a claim for tortious interference with contract and meets the *Twombly* pleading standards.

To establish a tortious interference with business relations claim under New Jersey law, a plaintiff must allege that: (1) it had some "reasonable expectation of economic advantage;" (2) the defendant's actions were malicious such that the harm

was inflicted intentionally and without justification or excuse;" (3) the interference "caused the loss of the prospective gain or there was a reasonable probability that the plaintiff would have obtained the anticipated economic benefit"; and (4) "the injury caused the plaintiff damage." *Waldman Seafood, Inc. v. Mical Seafood, Inc.*, No. 2:12-cv-02054-SDW-MCA, 2014 U.S. Dist. LEXIS 86143, 2014 WL 2887855, at *7 (D.N.J. June 24, 2014) (citing *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751-52, 563 A.2d 31 (1989)).

In California, the elements of a claim for tortious interference with contractual relations are similar to that of New Jersey: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1141, 470 P.3d 571, 575 (2020).[4]

With respect to New Jersey or California law, the claim is more than sufficiently pled under Federal Rule of Civil Procedure 8(a)'s notice pleading

---

[4] Under California law, tortious interference with *prospective* economic advantage, on the other hand, does not depend on the existence of a legally binding contract. A plaintiff asserting this tort must show that the defendant knowingly interfered with an " ' "economic relationship between the plaintiff and some third party, [which carries] the probability of future economic benefit to the plaintiff." ' " *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th at 1141, 470 P.3d at 575 (citations omitted).

13

standard and under the plausibility standards established by the U.S. Supreme Court in *Iqbal* and *Twombly*.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

ECR had an agreement and a reasonable expectation of economic advantage because ECR was selling the rolling carts at issue to Amazon.com.  FAC ¶¶ 5, 9 (questioning whether Plaintiff has the right to "continue to sell its carts"), 17 and 23.

Defendant's actions were malicious such that the harm was inflicted intentionally and without justification or excuse.  Specifically, dbest knew when it sent it the takedown notice to Amazon.com that the ECR products did not infringe the claims of dbest's patent.  FAC, ¶¶ 8, 16, 20.

Further, dbest's actions caused Amazon.com to stop selling ECR's product and, because ECR supplies that product to Amazon.com, Amazon.com stopped buying the product from ECR.  FAC ¶¶ 19 and 24.

In sum, dbest knew ECR rolling cart products were for sale on Amazon.com, dbest knew the ECR rolling cart products did not infringe the claims of the patent, without basis in law or fact dbest sent a takedown notice to Amazon.com concerning the rolling carts, Amazon.com complied with that request and took down the carts, and ECR suffered damages as a result.  *See* FAC, *passim*.

14

To the extent this Court finds that a claim for tortious interference with contractual advantage is not properly pled, ECR respectfully requests leave to amend its First Amended Complaint to set forth that claim in more detail.

## V.    **<u>CONCLUSION</u>**

For the foregoing reasons, ECR4Kids, L.P.  respectfully requests this Court deny Plaintiff's Motion to Dismiss and transfer this matter to the United States District Court for the Central District of California.

Oral argument is respectfully requested.


Date: November 20, 2023                    Respectfully Submitted,

By:    *<u>s/ Anthony J. DiMarino</u>*
Anthony J. DiMarino, Esquire
*Attorney for Plaintiff ECR4Kids, L.P.*

15

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 20th day of November, 2023, I electronically filed the foregoing Brief in Support of Plaintiff's Response in Opposition to Defendant's Motion to Dismiss and Plaintiff's Cross-Motion to Transfer to the U.S.D.C. of the Central District of California and accompanying Declarations of Jeffrey Lynn and Anthony J. DiMarino, Notice of Cross-Motion, and Proposed Order  using the *CM/ECF* system, which will automatically send email notification of such filings to all counsel of record in the above-captioned action.

<u>*s/ Anthony J. DiMarino*</u>
Anthony J. DiMarino, Esquire
*Attorney for Plaintiff ECR4Kids, L.P.*