UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ECR4KIDS, L.P.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DBEST PRODUCTS, INC.**<br><br>*Defendant.* | **Civil Action No. 23-2675**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of Defendant dbest products, Inc.'s ("Defendant") Motion to Dismiss (the "Motion"), ECF No. 14;

and it appearing that Plaintiff ECR4Kids, L.P. ("Plaintiff") opposes the Motion and cross-moves for transfer of this Matter to the Central District of California (the "Cross-Motion"), ECF No. 16;

and it appearing that in this patent action, Plaintiff seeks declarations of noninfringement, invalidity, and unenforceability, as well as liability for intentional interference with business relations because Defendant allegedly accused Plaintiff of patent infringement and took action to prevent Plaintiff from selling its allegedly infringing product on Amazon, see generally First Am. Compl. ("FAC"), ECF No. 1;

and it appearing that Defendants argue, among other things, that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue;[1]

and it appearing that where an entity is named as a defendant, venue is proper in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect

---

[1] Rule 12(b)(3) permits a court to dismiss a complaint for improper venue or, if "in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. § 1406(a).

to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business," 28 U.S.C. § 1391(e)(2);

and it appearing that Defendant argues that venue is improper in New Jersey because Defendant "resides in California, where it is also incorporated, and not in this judicial district. Nor is it subject to personal jurisdiction in this judicial district . . . because the FAC does not allege minimum contacts with New Jersey. . . . [and] no part of the alleged events giving rise to the claims in this action occurred in this district," Def.'s Br., ECF No. 14.1 at 11;

and it appearing that Plaintiffs concede in its Cross-Motion that "[t]he interest of justice thus supports transfer of this case to the Central District of California, where dbest resides and where this case could have originally been brought," Pl.'s Br., ECF No. 16.1 at 11;

and it appearing that Defendant does not appear to oppose the Cross-Motion other than to argue that this Court must determine subject matter jurisdiction before transferring the Matter, see Def.'s Reply, ECF No. 21 at 7;

and it appearing that the Court may determine other threshold questions, such as venue, before addressing jurisdiction, Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."); see also Reading Health Sys. v. Bear Stearns & Co., 900 F.3d 87, 95-96 (3d Cir. 2018) ("ensuring venue is proper before turning to the merits promotes finality interests and judicial economy"); Curcio ex rel. United States v. CCS Med., Inc., No. 19-5527, 2023 WL 4295738, at *2 (D.N.J. June 30, 2023) ("[T]he Court exercises its discretion to decide the venue motion without first adjudicating the Motion to Dismiss");

and it appearing that the Parties agree that venue would be proper in the Central District of California;

and it appearing that in the interest of justice and in lieu of dismissal, the Court will transfer this action to the Central District of California pursuant to 28 U.S.C. § 1406(a);

**IT IS** on this 23rd day of May, 2024;

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 14, is **DENIED without prejudice**; and it is further

**ORDERED** that Plaintiff's Cross-Motion to Transfer, ECF No. 16, is **GRANTED**; and it is further

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a) for further proceedings; and it is further

**ORDERED** that Defendant may renew its Motion to Dismiss upon completion of the transfer; and it is further

**ORDERED** that this Matter is hereby **CLOSED**.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**